1  HEATHER D. HEARNE, SBN 254496
2  hdh@kullmanlaw.com
   **THE KULLMAN FIRM**
3  A Professional Law Corporation
4  4605 Bluebonnet Blvd., Suite A
   Baton Rouge, LA 70809
5  Tel.: (225) 906-4245
6  Fax: (225) 906-4230

7  Attorney for Defendant
8  Conduent State & Local Solutions, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| DEANNA ELMER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CONDUENT STATE & LOCAL SOLUTIONS, INC., a New York corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br>[Declarations of Heather D. Hearne and Donald R. DeLorenz filed concurrently herewith]<br><br>[Placer County Superior Court, Case No. 19SCV43629] |
|---|---|

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF DEANNA ELMER AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Conduent State & Local Solutions, Inc. ("Conduent" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331, to effect the removal of the above-captioned civil action, which was commenced in the Superior Court of the State of California in and for the County of Placer as Case No. 19SCV43629, and states that the removal is proper for the following reasons:

## TIMELINESS OF REMOVAL

1. On August 29, 2019, Plaintiff Deanna Elmer ("Plaintiff") filed her Complaint for Damages against Conduent in the Superior Court of the State of California in and for the County of Placer. Declaration of Heather D. Hearne ("Hearne Decl."), ¶ 3, Exh. A (Complaint), filed concurrently herewith. The Complaint was mailed to Conduent's counsel on September 4, 2019 pursuant to Cal. Code Civ. Proc. § 415.30. Hearne Decl., ¶ 4, Exh. B (Notice of Service). Conduent returned the signed acknowledgement of receipt *via* the United States Postal Service and electronic mail on September 19, 2019. *Id.*, ¶ 5, Exh. C (Notice and Acknowledgement of Receipt signed by Nancy K. Jagielski).

2. A notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Pursuant to California Code of Civil Procedure Section 415.40, service on a person outside of the state of California is deemed complete ten (10) days after the mailing of a Complaint *via* first class mail. California

federal courts have held that a notice of removal must be filed thirty (30) days after service is completed pursuant to Section 415.40. *See, e.g., SteppeChange LLC v. VEON Ltd.*, 354 F.Supp.3d 1033, 1041 (N.D.Cal. 2018) (notice of removal filed twenty-nine days after service deemed complete under Cal. Code Civ. Proc. § 415.40 was timely).

3. Thus, service was deemed completed on Conduent on September 14, 2019, which is ten (10) days after the Complaint was mailed. Cal. Code Civ. Proc. § 415.40. Conduent's notice of removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days after service of the complaint was completed.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS GIVING RISE TO REMOVAL

4. Plaintiff's deceased husband, Robert Elmer, is a former Conduent employee. Complaint, ¶ 6. Through his employment with Conduent, Mr. Elmer had two life insurance policies, one paid for by the Company and the other paid for by him through payroll deductions. *Id.* at ¶ 8. After he suffered two strokes in November 2015, Mr. Elmer was not able to return to work and was placed on a leave of absence. *Id.*, ¶¶ 9, 10, and 12. On or around December 25, 2016, Plaintiff and Mr. Elmer mutually filled out the paperwork terminating Mr. Elmer's employment, which also resulted in termination of his employee-sponsored life insurance policies. *Id.*, ¶ 26. Plaintiff alleges that Mr. Elmer

should have received a package from Metropolitan Life Insurance ("MetLife") to continue his life insurance premiums within 31 days of the loss of group coverage, but he did not. *Id.,* ¶ 30.  On October 18, 2017, nearly ten (10) months after the loss of group coverage, Mr. Elmer died. *Id.*, ¶ 33.  Plaintiff submitted a life insurance claim to MetLife in December 2017, which MetLife rejected because Mr. Elmer's life insurance policies had been canceled. *Id.,* ¶ 36. Plaintiff filed the instant action against Conduent.

Plaintiff's Complaint alleges five causes of action:

1) negligence in the cancellation of life insurance benefits and failure to pay premiums on Mr. Elmer's behalf, alleging damages of $268,000[1] on this claim alone;

2) negligent undertaking based on a purported failure to exercise reasonable care in rendering human resources benefits;

3) intentional infliction of emotional distress based upon the allegation that Mr. Elmer did not actually sign a waiver all claims, and Conduent should have known he did not do so and/or forged his signature;[2]

---

[1] Plaintiff's Complaint specifically alleges this amount for the loss she attributes to the first cause of action. See Complaint, ¶ 48.  This alone satisfies the jurisdictional requirements for the amount in controversy required to remove an action to federal court under 28 U.S.C. 1332(a).

4) intentional misrepresentation based on the allegation that Conduent told Mr. Elmer it would pay his insurance premiums for the first six months he was unable to return to work following his stroke and that Conduent told Plaintiff and Mr. Elmer that terminating his employment would not terminate his life insurance coverage; and

5) concealment based on the allegation that Conduent did not disclose to Mr. Elmer that termination of employment would result in termination of life insurance.

## BASIS FOR REMOVAL

### I. The Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. Although Defendant denies any liability in this case, for purposes of the jurisdictional requirements of removal only, Defendant has a good faith basis to believe that the allegations in Plaintiff's Complaint put in controversy at least $268,000—far in excess of the $75,000 required. Complaint, ¶ 48 ("Defendant's negligence resulted in Plaintiff losing $268,000 in benefits."). Federal jurisdiction is appropriate, and this action is removed pursuant to 28 U.S.C. §§ 1441 and 1332(a) because the parties and interests are diverse, and a

---

[22] While the Complaint does not specify which settlement agreement is the basis of this claim, Conduent believes Plaintiff is referring the settlement agreement dated December 29, 2016 and signed by Mr. Elmer.

good faith reading of the Complaint shows that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists.

6. To remove under § 1332(a), complete diversity must exist—meaning that the plaintiff must be a citizen of a different state than each of the defendants. 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

7. Plaintiff is a resident of California. *See* Complaint, ¶ 1.

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*. 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotations omitted). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2015 WL 4239710 (N.D. Cal., Aug. 11, 2016). Thus, based on the allegations in the Complaint, Plaintiff is a citizen of California.

9. Conduent State & Local Solutions, Inc. is incorporated in New York and maintains its headquarters in Florham Park, New Jersey. Complaint, ¶ 2; Declaration of Don DeLorenz ("DeLorenz Decl."), ¶ 3.

10. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." A corporation's principal place of business is identified pursuant to the "nerve center" test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under the "nerve center" test, a company's principal place of business is in the state where a corporation's high-level officers "direct, control, and coordinate the corporation's activities"—typically the corporation's headquarters. *Id.* at 92–93.

11. As Conduent State & Local Solutions, Inc. is incorporated in New York, and it maintains its headquarters Florham Park, New Jersey, it is a citizen of New York and New Jersey for diversity jurisdiction purposes. DeLorenz Decl., ¶ 3.[3]

B. **The Amount in Controversy Exceeds $75,000.**

12. The second element of diversity jurisdiction—amount in controversy exceeding $75,000—is also met. Conduent has a good-faith basis to believe that the allegations in the Complaint put in controversy an amount well in excess of $75,000, as Plaintiff's complaint directly asserts that

---

[3] Plaintiff also named as Defendants Does 1 through 10. *See* Complaint. For removals based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the citizenship of Defendants Does 1 through 10 is irrelevant.

Conduent's negligence resulted in her losing $268,000 in benefits. *See* Complaint, ¶ 48, Prayer for Relief. More specifically, Plaintiff claims that but for Conduent's purported negligence, she would have been entitled to "basic life insurance benefits" of "$67,000.00" and "supplemental life insurance benefits" of "$201,000.00." Complaint, ¶¶ 46-47. Although Conduent denies any liability as to Plaintiff's claims, these allegations are sufficient to establish more than $75,000 in controversy. Thus, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) as the parties are completely diverse and the amount in controversy exceeds the jurisdictional requirement.

## II. The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331.

13.   This Court also has jurisdiction over Plaintiff's claims, because they arise under federal law despite her attempt to couch them as state law causes of action.

14.   "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Employee Retirement Income Security Act of 1974 ("ERISA") includes an expansive preemption section, which states that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employment benefit described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Section 1003(a) states

that ERISA applies to "any employment benefit plan if it is established or maintained (1) by any employer engaged in commerce . . . ."[4]  29 U.S.C. § 1003(a).

15.  Section 1132(a)(1)(b) sets forth the standard for a civil action under ERISA: "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(b).  As the United States Supreme Court has explained, "[t]his provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

16.  The ERISA civil action   is the exclusive private remedy available for allegations arising under ERISA.  Indeed, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.  Causes of action related to a

---

[4] The exemptions in Section 1003(b), which exclude benefits that are part of a government plan, a church plan, a plan that is part of worker's compensation, a non-U.S plan, or an excess plan, do not apply in this case.

denial of ERISA benefits but labeled as state tort claim are also preempted. *Id.* at 215; *see also Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001) (holding that plaintiffs' intentional infliction of emotional distress claim was preempted because the alleged emotional distress "arose from" and was "inextricably intertwined" with the insurer's failure to timely pay benefits).

17. Causes of action within the scope of Section 1132's civil enforcement provision are removable to federal court. *Aetna Health Inc.*, 542 U.S. at 209.

18. Federal courts have widely held that allegations that an employer (or insurer) did not provide sufficient notice of continuation of a policy fall under ERISA. *See Howard v. Gleason Corp.*, 901 F.2d 1154, 1156 (2d Cir. 1990) (holding that ERISA preempted a state law that required an employer to inform employees of their life insurance conversion rights within fifteen days of termination); *see also King v. Blue Cross & Blue Shield of Illinois*, 871 F.3d 730, 740 (9th Cir. 2017); *Arnold v. Arrow Transp. Co. of Delaware*, 926 F.2d 782, 785 (9th Cir. 1991); *Brenner v. Metro. Life Ins. Co.*, CIV.A. 11-12096-GAO, 2015 WL 1307394, at *9 (D. Mass. Mar. 23, 2015) (citing 29 U.S.C. § 1022, which lays out requirements for summaries of ERISA plans).

19. Here, Plaintiff's allegations focus on what Plaintiff and Mr. Elmer were and were not told with respect to the termination of his employee benefits and his option to convert and continue benefits. While Plaintiff presents her claims as common law tort causes of action arising under state law – *i.e.* negligence, negligent undertaking, intentional infliction of emotional distress, intentional misrepresentation, and concealment – the basis of all these claims is her contention that Conduent canceled Mr. Elmer's life insurance policies against Plaintiff's (and Mr. Elmer's) wishes. Indeed, Plaintiff's entire Complaint is premised on Conduent's alleged actions regarding the life insurance Mr. Elmer obtained through his employment with Conduent. Complaint, ¶ 8 ("Robert Elmer paid for, through [Conduent's] Services Benefit Web, . . . supplemental life insurance, and spouse life insurance."). Because Plaintiff's claims fall squarely within the ambit of ERISA, they are preempted by ERISA.

20. Additionally, Plaintiff's alleged causes of action fall within 29 U.S.C. § 1132(a) because they all arise from and are inexplicably intertwined with MetLife's denial of Plaintiff's claim for life insurance benefits. The core of Plaintiff's Complaint is as follows. First, "Plaintiff, believing that Robert's life insurance policies were intact, contacted Conduent shortly after Robert's death regarding the life insurance benefits." Complaint, ¶ 34. Then, after contacting

Conduent, Conduent provided her a MetLife Beneficiary Form. *Id.,* ¶ 35. And finally, "Plaintiff submitted her claim to MetLife [sic] in December 2017, and her claim was rejected in January of 2018, putting her on notice that Robert's life insurance had been cancelled against her wishes." *Id.*, ¶ 36. In part, this was because "Robert should have received a package from MetLife to continue his life insurance premiums within 31 days of the loss of group coverage" and "Robert never received a packet." *Id.*, ¶ 30.

21. All of the harm that Plaintiff alleges arise out of these alleged facts. *See* Complaint, ¶ 45 (negligence – "As a proximate result of Defendants' negligent actions, Plaintiff was denied the life insurance benefits from MetLife."); *id.*, ¶ 54 (negligent undertaking – "Plaintiff suffered harm because Robert relief on Defendants performance of those human resource benefit services."); *id.,* ¶ 61 (intentional infliction of emotional distress – Plaintiff suffered severe emotional distress because "Defendants knew or should have known Plaintiff did not intend to eliminate Robert's life insurance."); *id,* ¶ 67 (Intentional Misrepresentation – Plaintiff was harmed as a result of their reliance because "Defendants represented to Robert and Plaintiff that terminating Robert's employment would not terminate his life insurance coverage."); and, *id,* ¶ 73 (Concealment – Plaintiff was harmed because "Defendant intended to deceive Plaintiff and Robert by concealing the fact that the termination and

'waiving' of fees would cancel Robert's life insurance."). In fact, any actionable duty that Conduent may have owed to Mr. Elmer regarding his life insurance benefits, could only arise if Conduent was a fiduciary, as defined by ERISA. See 29 U.S.C. §1002(21)(A). Additionally, it is telling that the only monetary damages that Plaintiff alleges in the Complaint, is the amount of basic and supplemental life insurance that she alleges she was due, $268,000. Complaint, ¶¶ 46-48.

22. Accordingly, Plaintiff's causes of action under California common law torts are preempted by ERISA and this Court has federal question jurisdiction.

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

23. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

24. This Court additionally has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because ERISA preempts Plaintiff's claims.

25. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.

26. Additionally, the United Stated District Court for the Eastern District of California – Sacramento Division is the federal judicial district and division embracing the Superior Court for the County of Placer, where the suit was originally filed. *See* 28 U.S.C. §§ 84(c)(2) and 1441(a).

27. True and correct copies of all documents filed with the Superior Court are submitted as attachments to the Declaration of Heather D. Hearne filed concurrently herewith, as is the Declaration of Donald R. DeLorenz in Support of Defendant's Notice of Removal. This constitutes the complete record of all proceedings in the state court and all are appended hereto as required by 28 U.S.C. § 1446(a).

28. Upon filing the Notice of Removal, Conduent will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court in and for Placer County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Conduent State & Local Solutions, Inc. hereby removes this action from the Superior Court of California in and for the County of Placer.

Dated: October 10, 2019.

*/s/ Heather D. Hearne*
HEATHER D. HEARNE (254496)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

hdh@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
4605 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230

Attorneys for Defendant
CONDUENT BUSINESS
SERVICES, LLC.

# PROOF OF SERVICE

STATE OF LOUISIANA            )
                              )
PARISH OF EAST BATON ROUGE )

On **October 10, 2019,** I caused the foregoing document(s) described as:

- **Notice of Removal**
- **Declaration of Donald DeLorenz**
- **Declaration of Heather D. Hearne**
- **Corporate Disclosure Statement**
- **Civil Cover Sheet**
- **Proof of Service**

to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Allan R. Frumkin
Jon E. Rietveld II
5900 King Road
Loomis, CA 95650

*Attorneys for Plaintiff*

 **X**   **VIA U.S. MAIL**

Following ordinary business practices, I placed the document for collection and mailing at Baton Rouge, Louisiana, in a sealed envelope. I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed on **October 10, 2019**, at Baton Rouge, LA.

*/s/Heather D. Hearne*
Heather D. Hearne